UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
OCT 0 1 2003
RONALD A. GUZMAN, JUDGE
UNITED STATES DISTRICT COURT

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| v. | ) No. 03 CR 720 |
| | ) Hon. Ronald A. Guzman |
| U.S. ENDO, INC. | ) |

DOCKETED
JUL 1 6 2004

## PLEA AGREEMENT

This Plea Agreement between the United States Attorney for the Northern District of Illinois, and the defendant, U.S. ENDO, INC., through its President, Jonel Manciu, and its attorney, SIDNEY ABELSKI, is made pursuant to Rule 11 of the Federal Rules of Criminal Procedure. This Plea Agreement is entirely voluntary and represents the entire agreement between the United States Attorney for the Northern District of Illinois and U.S. ENDO, INC., acting through its authorized representatives, (hereinafter referred to as "defendant") regarding defendant's criminal liability in case 03 CR 720.

This Plea Agreement concerns criminal liability only, and nothing herein shall limit or in any way waive or release any administrative or judicial civil claim, demand or cause of action, whatsoever, of the United States or its agencies. Moreover, this Agreement is limited to the United States Attorney's Office for the Northern District of Illinois and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities except as expressly set forth in this Agreement.

This Plea Agreement has been submitted to the Board of Directors of defendant, U.S. ENDO, INC., which has manifested its intention and agreement by corporate resolution, properly executed, to plead the corporation guilty in accord with this agreement and directed its President,

27

Jonel Manciu, and its attorney, SIDNEY ABELSKI, to enter the plea agreement for defendant, in accord with Fed. R. Crim. P. 43(c)(1). A copy of this corporate resolution shall be made part of the record of this case at the time of the entry of the plea of guilty.

By this Plea Agreement, the United States Attorney for the Northern District of Illinois, and the defendant, U.S. ENDO, INC., through its President, Jonel Manciu, and its attorney, SIDNEY ABELSKI, have agreed upon the following:

1. Defendant acknowledges that it has been charged in the information in this case with knowingly introducing into interstate commerce, with intent to defraud and mislead, misbranded medical devices, a felony violation of Title 21, United States Code, Sections 331(a) and 333(a)(2).

2. Defendant and its undersigned representative have read the charge against it contained in the information, and that charge has been fully explained to it by its attorney.

3. Defendant and its undersigned representative fully understand the nature and elements of the crime with which defendant has been charged.

4. Defendant will enter a voluntary plea of guilty to the information in this case.

5. Defendant will plead guilty because it is in fact guilty of the charge contained in the information. In pleading guilty, defendant admits the following facts and that those facts establish its guilt beyond a reasonable doubt and also constitute relevant conduct pursuant to Guideline §1B1.3:

From on or about September 26, 1997, and on or about July 27, 1998, in the Northern District of Illinois, defendant, with intent to defraud and mislead, did introduce and deliver and cause to be introduced and delivered, for introduction into interstate commerce, a quantity of

2

monopolar electrodes, medical devices within the meaning of Title 21, United States Code, Section 321(h)(2), which devices, when introduced and delivered for introduction into interstate commerce, were misbranded within the meaning of Title 21, United States Code, Section 352(o), in that they were manufactured and processed in an establishment not duly registered under section 360 of the Food, Drug and Cosmetic Act and notice or other information respecting the devices was not provided as required by such section 360(k) of the Food, Drug and Cosmetic Act.

Specifically, between September 26, 1997, and July 27, 1998, defendant and its President and Owner, co-defendant Jonel Manciu, sold approximately 2,160 misbranded monopolar electrodes in interstate commerce to Vital Concepts, for a total price of $75,270. Defendant and Manciu sold the monopolar electrodes to Vital Concepts despite the fact that defendant and Manciu, knew that the U.S. Endo monopolar electrodes did not have the necessary FDA 510(k) market clearance. At some point during the relevant time period, Defendant and Manciu knew that it was necessary to obtain FDA 510(k) market clearance before the product could be shipped to Vital Concepts or sold by Vital Concepts in interstate commerce. Furthermore, defendant and Manciu knew that Vital Concepts intended to fraudulently resell the monopolar electrodes to its customers by representing that the U.S. Endo monopolar electrodes had FDA 510(k) market clearance.

6. For purposes of applying the guidelines promulgated by the United States Sentencing Commission pursuant to Title 28 United States Code, Section 994, the parties agree that the Sentencing Commission Guidelines Manual effective November 1, 2000, applies. Consistent with the application of the November 1, 2000 Sentencing Commission Guidelines Manual, the parties agree on the following points:

3

(a) The Guideline applicable to defendant's offense is Guideline § 2F1.1(a) and the base offense level is 6.

(b) Because the amount of loss reasonably foreseeable to defendant involved in the offense of conviction is greater than $120,000 but less than $200,000, a 7-level increase in the offense level is appropriate pursuant to Guideline § 2F1.1(b)(1)(H).

(c) Pursuant to Guideline § 2F1.1(b)(2), an additional 2-level increase is appropriate because the offense involved more than minimal planning.

(d) Pursuant to Guideline § 8C2.4(d), the appropriate base fine is $125,000.

(e) Pursuant to Guideline § 8C2.5(a), the base culpability score is 5.

(f) Because the organization fully cooperated in the investigation and clearly demonstrated recognition and affirmative acceptance of responsibility for its criminal conduct, within the meaning of Guideline § 8C2.5(g)(2), a two-level reduction is appropriate.

(g) Pursuant Guideline § 8C2.6, the culpability score is 3, and the minimum fine multiplier is .60 and the maximum fine multiplier is 1.2. This calculation yields fine range of between $75,000 and $150,000.

(h) The defendant and its attorney and the government acknowledge that the above calculations are preliminary in nature and based on facts known to the government as of the time of this Agreement. The defendant understands that the Probation Office will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final Sentencing Guidelines calculation. Accordingly, the validity of this Agreement is not contingent upon the probation officer's or the Court's concurrence with the above calculations.

7. Errors in calculations or interpretation of any of the guidelines may be corrected by either party prior to sentencing. The parties may correct these errors or misinterpretations either by stipulation or by a statement to the probation office and/or Court setting forth the disagreement as to the correct guidelines and their application. The validity of this Agreement will not be affected by such corrections, and defendant shall not have a right to withdraw its plea on the basis of such corrections.

8. Defendant understands the count of the information to which it will plead guilty carries a maximum sentence of five years of probation; and a fine of $500,000, or a fine of twice the pecuniary gain to defendant, or twice the loss to victims, whichever is greater.

9. Defendant understands that in accord with federal law, Title 18, United States Code, Section 3013, upon entry of judgment of conviction, defendant will be assessed $400 for the felony charge to which it has pled guilty, in addition to any other penalty imposed. Defendant agrees to pay the special assessment of $400 at the time of sentencing with cash or a money order made payable to the Clerk of the U. S. District Court.

10. The loss to the victims was approximately $148,600.00, and Vital Concepts (a defendant in a related case - 02 CR 283) has paid this restitution amount in full.

11. Defendant and its undersigned representatives understand that by pleading guilty defendant surrenders certain rights, including the following:

(a) If defendant persisted in a plea of not guilty to the charge against it, it would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by the judge sitting without a jury. The defendant has a right to a jury trial. However, in order that

5

the trial be conducted by the judge sitting without a jury, the defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

(b) If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. Defendant and its attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent, and that it could not convict it unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.

(c) If the trial were held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not the judge was persuaded of defendant's guilt beyond a reasonable doubt.

(d) At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence in its own behalf. If the witnesses for defendant would not appear voluntarily, it could require their attendance through the subpoena power of the Court.

(e) Defendant and its undersigned representative understand that defendant has a right to have the charge prosecuted by an indictment returned by a concurrence of twelve or more members of a legally constituted grand jury consisting of not less than sixteen and not more than twenty-three members. By signing this Agreement, defendant and its undersigned representative

6

knowingly waives defendant's right to be prosecuted by indictment and to assert at trial or on appeal any defects or errors arising from the information, the information process, or the fact that defendant has been prosecuted by way of information.

12. Defendant and its undersigned representative understand that by pleading guilty defendant is waiving all the rights set forth in the prior paragraph. Defendant's attorney has explained those rights to defendant and its undersigned representative, and the consequences of its waiver of those rights. Defendant further understands it is waiving all appellate issues that might have been available if it had exercised its right to trial.

13. Defendant is also aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging this, defendant knowingly waives the right to appeal any sentence within the maximum provided in the statute of conviction (or the manner in which that sentence was determined), in exchange for the concessions made by the United States in this Plea Agreement.

14. Defendant understands that the Information and this Plea Agreement are matters of public record and may be disclosed to any party.

15. Defendant understands that the United States Attorney's Office will fully apprise the District Court and the United States Probation Office of the nature, scope and extent of defendant's conduct regarding the charges against it, and related matters, including all matters in aggravation and mitigation relevant to the issue of sentencing.

16. At the time of sentencing, the parties shall recommend that the Court impose a fine of $75,000, to be paid in monthly installments of $2,500 per month for 30 months, and a

probation period of 30 months. Defendant agrees that it will pay the first $2,500 fine payment to the Clerk of the District Court at the time of sentencing.

17. It is understood by the parties that the sentencing judge is neither a party to nor bound by this Agreement and, subject to the limitations of the sentencing guidelines, may impose the maximum penalties as set forth in paragraph 8 above. Defendant further acknowledges that if the Court does not accept the agreed fine or other sentencing recommendation of the parties, defendant will have no right to withdraw its guilty plea.

18. Defendant understands that its compliance with each part of this Plea Agreement extends throughout and beyond the period of its sentence, and failure to abide by any term of the Plea Agreement is a violation of the Agreement. It further understands that in the event it violates this Agreement, the government, at its option, may move to vacate the Plea Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Agreement, or to resentence defendant. Defendant understands and agrees that in the event that this Plea Agreement is breached by defendant, and the government elects to void the Plea Agreement and prosecute defendant, any prosecutions that are not time-barred by the applicable statute of limitations on the date of the filing of the information in this case may be commenced against defendant in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the filing of the information and the commencement of such prosecutions. Defendant acknowledges that this waiver is intended to permit the government to institute all prosecutions permitted by defendant's previous written waivers of the statute of limitations executed in this matter.

19. Defendant and its attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Agreement, to cause defendant to plead guilty.

20. Defendant agrees this Plea Agreement shall be filed and become a part of the record in this case.

21. Defendant acknowledges that it has carefully reviewed each provision of this Plea Agreement with its attorney. Defendant further acknowledges that it understands and voluntarily accepts each and every term and condition of this Agreement.

AGREED THIS DATE: 9/18/03
10/1/03

U.S. ENDO, INC., Defendant

By/ JONEL MANCIU, PRESIDENT

SIDNEY ABELSKI
Attorney for Defendant

PATRICK J. FITZGERALD
United States Attorney
Northern District of Illinois

ERIC H. SUSSMAN
Assistant United States Attorney
Northern District of Illinois